IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY E. ELLISTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-797-GPM |
| | ) |
| DR. SOLIMAN A. SOLIMAN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Centralia Correctional Center, brings this action against a private physician who treated him at Carle Clinic Foundation Hospital in Urbana, Illinois, in late 2004, prior to his incarceration. On the form he used to prepare his complaint, Plaintiff has checked the box invoking jurisdiction under 42 U.S.C. § 1983.

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. . .
> …
>
> The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*West v. Atkins*, 487 U.S. 42, 49 (1988), *quoting United States v. Classic*, 313 U.S. 299, 326 (1941).

A review of the complaint clearly reveals that this action is one of medical malpractice against a private physician, rather than one of deliberate indifference to his serious medical needs.

*See generally Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). Such a claim belongs in state court, not in federal court. Accordingly, this action is **DISMISSED without prejudice** to Plaintiff bringing his claims in the appropriate state court.

There remains the issue of the filing fee for this action. Under a literal reading of 28 U.S.C. § 1915, the Court should collect and assess the full $350 filing fee, as Plaintiff is currently incarcerated. However, this action involves events completely unrelated to Plaintiff's incarceration, and this Court feels that the requirements of the Prisoner Litigation Reform Act should not apply to such an action. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) and **WAIVES** the full filing fee.

Plaintiff is hereby **ADVISED** that if he files a notice of appeal in this action, the Court will have to certify that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). At that point, the Court will be required to collect and assess not only the $455 appellate filing fee but also the $350 district court filing fee.

The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED: 11/09/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge